UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Richard G. Lemke,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>Laurie Barber,<br><br>　　　　　　　　　　Defendant. | Case No.: 3:20-cv-00345-GPC-LL<br><br>**ORDER SUA SPONTE DISMISSING FIRST AMENDED COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION**<br>**[Dkt. No. 4]** |

On March 12, 2020, Richard G. Lemke ("Plaintiff") filed the operative first amended complaint ("FAC") against Laurie Barber ("Defendant") alleging fraud upon the state court pursuant to Federal Rule of Civil Procedure ("Rule") 60(d).[1] (Dkt. No. 4.) Essentially, Plaintiff is seeking relief from a state court judgment and is demanding $5,000,000 in damages, alleging that Defendant, Plaintiff's opposing counsel in the state court proceeding, committed fraud on the state court when she allegedly "continued to file documents in the California Superior Court County of San Diego Probate Division"

---

[1] On February 24, 2020, Plaintiff filed the original complaint against Defendant alleging fraud upon the state court pursuant to Rule 60(d). (Dkt. No. 1.)

when "she had knowledge that the will [at issue] had never been admitted" and that "her clients . . . had no standing." (Dkt. No. 4 at 31.[2])

**Discussion**

The federal court is one of limited jurisdiction and the burden rests on the party asserting jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). It possesses only that power authorized by the Constitution or a statute. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). It is constitutionally required to raise issues related to federal subject matter jurisdiction, and may do so *sua sponte*. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93–94 (1998); *see Nevada v. Bank of America Corp.*, 672 F.3d 661, 673 (9th Cir. 2012) (it is well established that "a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action, even on appeal"). Accordingly, federal courts are under a continuing duty to confirm their jurisdictional power and are "obliged to inquire *sua sponte* whenever a doubt arises as to [its] existence . . . ." *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977) (citations omitted). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331; and (2) diversity jurisdiction under 28 U.S.C. § 1332. A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's well-pleaded complaint. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). A district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of

---

[2] Page numbers are based on the CM/ECF pagination.

$75,000, . . . . and is between --citizens of different states, or citizens of a State and citizens or subjects of a foreign state . . . ." 28 U.S.C. §§ 1332(a)(1)-(2).

Here, Plaintiff alleges that federal question jurisdiction exists (1) pursuant to Rule 60(d) because Defendant committed fraud upon the state court and (2) pursuant to the Fifth and Fourteenth Amendments because Defendant violated Plaintiff's Fifth and Fourteenth Amendment rights.[3] (Dkt. No. 4.) Plaintiff first asserts that federal jurisdiction is proper under Rule 60(d), which allows a federal court to entertain an "independent action" to set aside a judgment procured by fraud on the court. (Dkt. No. 4 at 1–3.)

Rule 60(d) provides that a court has the power to "(1) entertain an independent action to relieve a party from a judgment, order, or proceeding; (2) grant relief under 28 U.S.C. § 1655 to a defendant who was not personally notified of the action; or (3) set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d). This language has been interpreted as allowing a party to either file a motion within the same case under Rule 60(b), or to file an entirely new complaint under Rule 60(d). *Wood v. McEwan*, 644 F.2d 797, 801 (9th Cir. 1981). However, "[w]hen the prior judgment attacked in the 'independent action' is that of a different court, the new court must be one having 'independent and substantive equity jurisdiction.'" *Carney v. United States*, 462 F.2d 1142, 1144 (Ct. Cl. 1972); *Bankers Mortg. Co. v. United States*, 423 F.2d 73, 79 (5th Cir. 1970); *Jovaag v. Ott*, No. 12cv3316 RMW, 2012 WL 3686087, at *2 (N.D. Cal. Aug. 24, 2012). Accordingly, Rule 60(d) does not provide an independent basis for federal jurisdiction. Here, the FAC asserts state law claims of fraud. Therefore, this Court does

---

[3] The Court notes that on March 27, 2017, Plaintiff filed a Notice of Removal of his case in state probate court, raising similar claims. *See Bosio v. Lemke*, Case No. 17cv610 JLS(AGS), 2017 WL 2644669, at *1 (S.D. Cal. June 20, 2017). However, on June 20, 2017, this Court remanded the case holding that there was "no federal question presented in Plaintiff's underlying complaint. This is solely a probate action governed by California law." *Id*. at *2.

3

not have "independent" jurisdiction to entertain Plaintiff's first amended complaint because a federal question is not presented on the face of his first amended complaint. *See Holder v. Simon,* 384 Fed. App'x 669, at *1 (9th Cir. 2010) (unpublished) (district court properly dismissed plaintiff complaint sua sponte as "Rule 60(b) does not provide a basis for subject matter jurisdiction over a claim for relief from a state court judgment").

Additionally, in the FAC, Plaintiff offers conclusory allegations that Defendant violated his rights under the Fifth and Fourteenth Amendments, which allegedly support this Court's jurisdiction. (Dkt. No. 4 at 28.) It is well established that the Fifth Amendment applies to federal actors and the Fourteenth Amendment applies to state actors. *Betts v. Brady*, 316 U.S. 455, 462 (1942) ("Due process of law is secured against invasion by the federal Government by the Fifth Amendment and is safeguarded against state action in identical words by the Fourteenth.") (*overruled on other grounds by Gideon v. Wainwright*, 372 U.S. 335 (1963)). Here, Plaintiff's citations to the Federal Constitution are unavailing as Defendant is not alleged to be a federal or state actor. Therefore, Plaintiff cannot invoke this Court's jurisdiction based on allegations that Defendant violated Plaintiff's constitutional rights.

Accordingly, the Court concludes that it does not have subject matter jurisdiction over the first amended complaint.

## Conclusion

Based on the above, the Court sua sponte **DISMISSES** without prejudice the first amended complaint for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**
Dated: March 24, 2020

Hon. Gonzalo P. Curiel
United States District Judge

4

3:20-cv-00345-GPC-LL